# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

CHRIS EDELBROCK

        Plaintiff,

v.                                    Case No: 2:15-cv-446-FtM-99MRM

TT OF NAPLES, INC.,
a Florida corporation, d/b/a
Aston Martin of Naples;
GULF COAST AUTO SERVICES, LLC,
a Florida limited liability corporation, d/b/a
Gulf Coast Auto Storage and Transport,

        Defendants.

_____/

## ORDER[1]

    This matter comes before the Court on Defendant TT of Naples's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #40) filed on March 24, 2016. Plaintiff Chris Edelbrock filed a Response to Defendant's Motion to Dismiss (Doc. #44) on April 6, 2016. This matter is ripe for review.

### BACKGROUND

    In May of 2014, Plaintiff visited Defendant TT of Naples, d/b/a Aston Martin of Naples, and was advised by Joel, an agent or employee of TT of Naples, that Defendant

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

could arrange to have Plaintiff's vehicle, an Aston Martin DB9, transported from the Aston Martin dealership in Naples, Florida to an Aston Martin dealership in Troy, Michigan. (Doc. #36 at ¶¶ 7-8; Doc. #36-3 at 1). Subsequently, Plaintiff tendered his vehicle to Defendant TT of Naples for transport. (*Id.* at ¶ 9). On May 19, 2014, Joel executed a Bill of Lading, having selected Defendant Gulf Coast Auto Services, LLC (Gulf Coast), to transport the car. (*Id.* at ¶¶ 10, 12).

Sometime during the transport of Plaintiff's vehicle, the carrier truck operated by Defendant Gulf Coast got into a traffic accident, which caused damage to Plaintiff's vehicle. (*Id.* at ¶ 13). Plaintiff had to pay $27,688.71 to repair his vehicle, as well as lose approximately $30,000 in value from the car. (*Id.* at ¶¶ 14, 16). Plaintiff provided both Defendants with a written notice of claim for his loss, but both have failed to remit payment for the damages. (*Id.* at ¶¶ 19-20, 22-23).

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).   A pleading sufficiently states a claim when it provides grounds for a court's jurisdiction, a short and plain statement of a claim demonstrating entitlement to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a).

## DISCUSSION

Defendant TT of Naples seeks to dismiss Plaintiff's claim of liability under the Carmack Amendment (Count I). (Doc. #36 at ¶¶ 25-30). Alternatively, Plaintiff argues that Defendant is liable based upon a supplemental state negligence claim (Count III). (*Id.* at ¶¶ 37-41).

### Count I: The Carmack Amendment

In its second amended complaint, Plaintiff alleges that Defendant TT of Naples is a freight forwarder, and that Defendant should assume liability for damages under the Carmack Amendment, 49 U.S.C. § 14706. (Doc. #36 at ¶¶ 27-30).  Defendant disagrees, arguing that it is not a freight forwarder but is more akin to a broker, and thus cannot be held liable under the Carmack Amendment.

The Carmack Amendment "makes common carriers liable for actual loss of or damage to shipments in interstate commerce." *Winn Dixie Stores, Inc. v. Aspen Transp., Inc.*, 2013 U.S. Dist. LEXIS 126799, at *8 (M.D. Fla. Sept. 5, 2013) (quoting *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F.3d 997, 2003 (11th Cir. 2003)). The Carmack Amendment applies to "carriers" and "freight forwarders," but not "brokers." *Laing v. Cordi*, 2012 U.S. Dist. LEXIS 101639, at *4 (M.D. Fla. July 23, 2012). *See also* 49 U.S.C. § 14706(a). The statutory definition of a freight forwarder is

> a person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation and in the ordinary course of its business-- (A) assembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for break-bulk and distribution operations of the shipments; (B) assumes responsibility for the transportation from the place of receipt to the place of destination; and (C) uses for any part of the transportation a carrier subject to jurisdiction under this subtitle.

49 U.S.C. § 13102(8) (2016). A broker is defined as

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2) (2016).

Plaintiff depended upon Defendant TT of Naples to provide transport for his Aston Martin, as had been done several times in the past, and the car was subsequently tendered to Defendant to be transported. (Doc. # 36 at ¶¶ 8-9). Unbeknownst to Plaintiff, Defendant TT of Naples selected Defendant Gulf Coast as the main carrier, subsequently executed a Bill of Lading with Gulf Coast, and turned the vehicle over to Gulf Coast to be transported. (*Id.* at ¶¶ 10-12). Defendant TT of Naples's sole purpose in this transaction was to provide transportation for Plaintiff's vehicle; the provided transport led to Plaintiff's vehicle being damaged before it could reach its final destination.  Here, the alleged facts, viewed in a light most favorable to the plaintiff, provide a reasonable inference that the Defendant could be liable for damages under the Carmack Amendment as a freight forwarder.  That is sufficient at this point in the proceedings to survive the Defendant's Motion to Dismiss.

**Count III: Supplemental State Law Negligence Claim**

Plaintiff, in Count III of its complaint, alleges alternatively that Defendant breached a duty to "ensure that his Aston Martin would be transported . . . in an appropriate and responsible manner, in accordance with the standards of care used by similar professionals in the industry under similar circumstances." (Doc. #36 at ¶ 38). Defendant argues that Plaintiff "failed to allege an actionable breach of any purported duty to hire a 'reputable' carrier." (Doc. #40 at 11).

Count III is an alternative to Count I because the "Carmack Amendment preemption . . . embraces 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation . . . .'" *Smith v. United Parcel Service*, 296 F.3d 1244, 1247 (11th Cir. 2002) (citation omitted). Even if it is found that the Carmack Amendment does not apply to Defendant, "the Defendant may be held liable for the alleged negligent conduct." *Hewlett-Packard Co. v. Brother's Trucking Enters.*, 373 F. Supp. 2d 1349, 1352 (S.D. Fla. 2005).

The elements of negligence are: (1) duty, (2) breach of duty, (3) injury arising from the breach, and (4) damages caused by the injury. *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x. 723, 726 (11th Cir. 2014). Plaintiff has alleged that Defendant failed in its duty to ensure that his vehicle was transported "in an appropriate and responsible manner, in accordance with the standards of care used by similar professionals in the industry" and that injury and damages to the vehicle resulted from Defendant's breach. (Doc. #36 at ¶¶ 8-18, 38-41). Viewing the alleged facts in a light most favorable to Plaintiff, there is a plausible negligence claim against Defendant.

Accordingly, it is now

5

**ORDERED:**

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure (Doc. #40) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of August, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record